IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-CR-00132-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| PIERRE BUISSERETH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on the Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 27). For the reasons which follow, Defendant's Motion is DENIED.

I. **BACKGROUND**

On May 30, 2019, Defendant pleaded guilty to conspiracy to distribute marijuana and conspiracy to commit money laundering. (Doc. No. 9). As set forth in the Presentence Investigation Report ("PSR"), Defendant conspired with others to distribute at least 700 kilograms of marijuana. (Doc. No. 16 at 11). Defendant also supported his drug trafficking organization by laundering drug proceeds through financial transactions. Id. On September 18, 2019, the Defendant was sentenced by this Court to sentences of 120 months of imprisonment and 168 months of imprisonment, respectively, to be ran concurrently. (Doc. No. 20). Defendant has served only approximately 20 months of his 168-month sentence and the full term of his sentence expires on February 19, 2035. Thus, Defendant has served approximately 10% of his sentence.

On September 1, 2020, while held in the custody of the Bureau of Prisons at Bennettsville FCI, the Defendant submitted an administrative request to the warden of that facility for compassionate release based on concerns regarding the COVID-19 virus. On October 16, 2020,

1

the Warden of Bennettsville FCI rejected the Defendant's request. On October 19, 2020, the Defendant filed the instant *pro se* Motion for Compassionate Release. (Doc. No. 27). In the Motion, the Defendant requests a reduction in sentence or, alternatively, home confinement, based on the threat posed by COVID-19. Id. The Defendant alleges that he suffers from anxiety, mild seizures, acid reflux, and has recently gained some weight. Id. The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 31). The Government contends Defendant's Motion should be denied because Defendant does not meet the criteria justifying compassionate release or home confinement. See generally Id.

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release pursuant to § 18 U.S.C. § 3582(c)(1)(A).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the danger is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made

by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

(i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; *see also* 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

The Court agrees with the Government's arguments regarding the Defendant's failure to meet the requirements of 18 U.S.C. § 3582(c)(1)(A). The Defendant does not qualify for relief based on the extraordinary or compelling circumstances under subsection (i).[2] The Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to support his Motion pursuant to § 3582(c)(1)(A)(i). The Defendant has not alleged any medical conditions which may merit consideration under the statute. Nor does the Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement. The general threat of exposure to COVID-19 alone, which appears to be Defendant's sole basis for relief, is not sufficient to qualify for the request relief under the statute.

Even if Defendant had satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief. The Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement;

---

[2] The Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). The seriousness of Defendant's significant criminal history and the sentence imposed against him must be considered when the Court asks itself if releasing him will serve the interests of general or individual deterrence. Defendant was a leader of a major drug trafficking organization and has a troubling criminal history including previous convictions for drug trafficking. Defendant's criminal history includes violence, weapon possession, drug distribution related offenses, and was a fugitive of justice for over three years prior to his arrest on the instant offense. (Doc. No. 17, *sealed*). Therefore, Defendant does not qualify for relief because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the factors listed in Title 18 U.S.C. § 3553(a). This Court cannot conclude that Defendant does not present a danger to the safety of the community at this time and the § 3553(a) factors strongly weigh against his release. See U.S.S.G. § 1B1.13(2).

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, and therefore, his Motion for Compassionate Release is **DENIED**.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Motion for Compassionate Release under § 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 27) is **DENIED**.

IT IS SO ORDERED.

Signed: November 10, 2020

Frank D. Whitney
United States District Judge